STATE OF NORTH CAROLINA v. SAMMY KEE, JR.

No. 6926SC10

(Filed 30 April 1969)

1. **Criminal Law § 88— cross-examination of defendant as to whereabouts of a co-conspirator**

   In this prosecution for armed robbery in which a witness for the State testified that defendant had told him that a certain person had helped him commit the robbery, defendant was not prejudiced when the solicitor asked him on cross-examination if he knew where that person was and if he had that person as a witness in this case where the court sustained defendant's objections to both questions.

2. **Robbery § 5— instructions**

   In this armed robbery prosecution, the court's instructions did not weigh too heavily in favor of the State but were fair and accurate.

APPEAL by defendant from *Falls, J.,* 2 September 1968 Schedule "A" Criminal Session of Superior Court of Mecklenburg County.

Defendant was tried on a bill of indictment charging him with the felony of armed robbery. Defendant's plea was not guilty. The verdict of the jury was guilty as charged in the bill of indictment.

From a judgment of imprisonment in the State's prison for not less than twenty-five years nor more than thirty years, the defendant assigns error and appeals to the Court of Appeals.

*Attorney General Robert Morgan and Deputy Attorney General Harry W. McGalliard for the State.*

*W. Herbert Brown, Jr., for defendant appellant.*

MALLARD, C.J.

[1]    Defendant contends that he was prejudiced by the cross-examination of the solicitor. Defendant was asked by the solicitor on cross-examination if he knew where Celester Williams was, and the defendant replied that he did. The court sustained defendant's objection at this point. The solicitor thereupon asked the defendant the following question: "You don't have Mr. Williams here as a witness in the case, do you?" Defendant's counsel objected, and the court sustained the objection, to which the defendant excepted. A witness for the State had testified that the defendant had told him that Celester Williams had helped him commit the robbery under investigation. Defendant cites the cases of *State v. Foster,* 2 N.C. App. 109, 162 S.E. 2d 583, and *State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335, in support of his contention that the two questions were prejudicial. In the *Foster* case, and also in the *Miller* case, the defendants were awarded new trials because of improper argument of the solicitor, and neither case supports the contention of the defendant. It is also noted that the court sustained defendant's objections; surely the defendant is not complaining because the court did what he asked. Also, we do not think the defendant was prejudiced by the mere asking of the questions. This assignment of error is without merit and is overruled.

[2]    Defendant also complains that the court committed prejudicial error in its instruction to the jury, in that the court's charge weighed too heavily in favor of the State. We have carefully reviewed the charge, and when considered as a whole, we are of the opinion and

so hold that the court fully, fairly and accurately instructed the jury in this case, and no prejudicial error appears.

In the trial we find

No error.

BRITT and PARKER, JJ., concur.